**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RAMONE RYAN FOXWORTH # 55154,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:26-cv-00552** |
| **v.** | ) | |
| | ) | **Judge Trauger** |
| **CHAD YOUKER,** | ) | **Magistrate Judge Holmes** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Ramone Ryan Foxworth, a former pre-trial detainee in the custody of the Williamson County Jail[1] in Franklin, Tennessee, filed a pro se Amended Complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5, concerning the removal of his religious materials, including his Bible. (Doc. No. 5-1). The Amended Complaint also asserts claims under Tennessee Code Annotated § 41-21-211. (*Id.*)

By Memorandum Opinion and Order entered on September 15, 2026 (Doc. No. 9), the court screened the Amended Complaint; determined that the Amended Complaint states viable claims under the First Amendment, RLUIPA, and Tennessee state law; denied without prejudice Plaintiff's request for a temporary restraining order; and directed Defendant Youker to respond to Plaintiff's Emergency Motion for Injunctive Relief (Doc. No. 6) on or before the deadline to file a responsive pleading or a motion to dismiss.

[1] Plaintiff was released from custody on September 25, 2026. (Doc. No. 15, Affidavit of Chad Youker ¶ 5).

Defendant has now filed a Motion to Dismiss (Doc. No. 13), Motion to Stay (Doc. No. 16), and a Response in Opposition to Plaintiff's Emergency Motion for Injunctive Relief (Doc. No. 18). Herein, the court will resolve Plaintiff's Emergency Motion for Injunctive Relief as well as Defendant's Motion to Stay.

## I. MOTION FOR PRELIMINARY INJUNCTION (Doc. No. 6)

Plaintiff's motion generally alleges that jail policies created and implemented by Defendant have interfered, and/or are interfering with, Plaintiff's access to his Bible and religious exercise. (Doc. No. 6).

### A. Plaintiff's Allegations

Plaintiff alleges that, on January 18, 2025, Defendant Chad Youker implemented a policy to seize all Bibles from inmates in the general population. (Doc. No. 6). Plaintiff alleges that inmates' access to religious books became limited to kiosks and tablets and that such access was privileged and restricted. (*Id.*).

Plaintiff states that he is a Christian and "has a deeply held religious belief to read the Christian Holy Bible daily." (*Id.* at 2). Plaintiff alleges that he is active in the religious community, leads Bible studies, and works at Hope Center Ministry. He observes all Christian holidays.

Plaintiff alleges that the ban on physical Bibles and the restricted access to e-Bibles on kiosks substantially burden his sincerely held religious beliefs.

### B. Defendant's Response

Defendant notes that Plaintiff is no longer housed at the Williamson County Jail, so any request for injunctive relief directed toward the conditions of his confinement is moot. (Doc. No. 18 at 3).

**C. Standard for Issuing Preliminary Injunctions**

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). When determining whether to issue a preliminary injunction, the court considers four factors: whether the plaintiff has shown a strong likelihood of success on the merits, irreparable harm in the absence of the requested relief, the balance of equities favors him, and public interest favors the requested relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Sisters for Life, Inc. v. Louisville-Jefferson Cnty.*, 56 F.4th 400, 403 (6th Cir. 2022).

The Sixth Circuit has recently provided guidance regarding the four factors, stating, "[t]he preliminary injunction factors do not represent a list of 'prerequisites to be met,'" but rather are factors to be weighed. *NetChoice, LLC v. Skrmetti*, 191 F.4th 452, 462 (6th Cir. 2026) (quoting *PCC Airfoils, LLC v. Daugherty*, 176 F.4th 509, 513 (6th Cir. 2026)). The only time a court need not consider all factors is when "a movant utterly fails to satisfy one of the first two factors—likelihood of success on the merits or irreparable harm . . . ." *Id.* at 462-63.

**D. Analysis**

In his Amended Complaint, Plaintiff advances federal claims under Section 1983 and RLUIPA and a state law claim under Tennessee Code Annotated § 41-21-211. All concern the conditions of his confinement at the Williamson County Jail. However, Plaintiff is no longer confined at the jail.

Having been released, Plaintiff is no longer under the threat of any continuing injury at the jail, he cannot show that he will suffer irreparable injury if the requested preliminary injunction is not issued, and he is unable to show that the requested preliminary injunction will actually benefit

or impact him. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot when the inmate has been released from confinement or transferred to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

Accordingly, Plaintiff's motion for a preliminary injunction directed at conditions at a facility where he is no longer confined must be denied for this reason alone. *See Hargrove v. Holley*, 2018 WL 7017746, at *1 (6th Cir. Oct. 17, 2018) (inmate's motion for a preliminary injunction became moot because he was released and was no longer subject to the conditions of confinement at the facility where the injunctive relief was sought); *see also Garner v. Youker*, No. 3:26-cv-63 (M.D. Tenn.) (Doc. No. 36) (adopting Report & Recommendation to deny prisoner-plaintiff's motion for preliminary injunction concerning the purported Williamson County Jail Bible Ban because plaintiff was no longer confined at the jail).

## II. MOTION TO STAY

Defendant asks the court to stay proceedings pending the resolution of his Motion to Dismiss. (Doc. No. 16). Defendant states that his motion is based upon qualified immunity defenses and that proceeding with discovery would impinge upon the protections from participating in discovery that are afforded to government officials while such motions are pending. Defendant contends that all claims against him in his individual capacity are barred by the defense of quality immunity. Further, Defendant contends that, as to the claims against him in his official capacity, the determination of his individual capacity entitlement to qualified immunity will be dispositive.

Defendant's Motion to Stay is well taken and will be granted.

## III. CONCLUSION

Based on the foregoing, Plaintiff's Emergency Motion for Injunctive Relief (Doc. No. 6) is **DENIED**.

Defendant's Motion to Stay (Doc. No. 45) is **GRANTED**. This case is **STAYED** pending the resolution of Defendant's Motion to Dismiss (Doc. No. 13).

This case remains on referral to Magistrate Judge.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge